IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

      Plaintiff,                    No. 2:11-cv-03111 KJM KJN PS

      v.

MUNICIPAL MAGISTRATE JUDGE,[1]

      Defendant.              <u>ORDER TO SHOW CAUSE</u>

_____/

      Plaintiff, who is proceeding without counsel, filed his complaint on November 22, 2011 (Dkt. No. 1).[2]  On December 30, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis and screened plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).  (Order, Dec. 30, 2011, Dkt. No. 3.)  The undersigned dismissed plaintiff's complaint without prejudice and granted plaintiff 30 days to file a first amended complaint.  A

---

[1] Although the caption of plaintiff's complaint does not name an individual as defendant, the body of the complaint appears to seek relief relative to the actions of a judge named "Rossmary Crossland."  It appears that plaintiff filed a similar lawsuit against "Rosemary Crossland" in 2006, and that lawsuit was dismissed with prejudice on May 8, 2007, as a result of plaintiff's failure to prosecute that case.  (See <u>Smith v. Crossland</u>, 2:06-cv-01915 LKK GGH PS (E.D. Cal.).)

[2] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

review of the court's docket reveals that plaintiff failed to file an amended complaint.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, no later than April 27, 2012, why this

case should not be dismissed for plaintiff's failure to prosecute the action and failure to follow the court's orders.

2. On or before April 27, 2012, plaintiff shall file a first amended complaint that addresses the issues raised in the court's screening order entered on December 30, 2011.

3. Plaintiff's failure to file the required writing or the first amended complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE